UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

serif-lee: tugrul,
   Plaintiff,

vs.

KEITH D. WEINER, et al.,
   Defendants.

Case No. 1:15-cv-657

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff serif-lee: tugrul's petitions for an emergency stay/temporary restraining order. (Docs. 3, 8). The Court construes both petitions as motions for a temporary restraining order and analyzes them accordingly.

**I. Background**

Plaintiff, proceeding pro se, filed the complaint in this action on October 6, 2015. (Doc. 2). Plaintiff names as defendants Keith D. Weiner, Attorney and Principal Kim Hammond et. al.; David Hooker, Attorney and Principal Thompson Hine LLP; and John Stumpf, CEO Wells Fargo Bank. Plaintiff's allegations are largely incomprehensible and are difficult to decipher, but plaintiff apparently challenges a judgment issued by the Clinton County Court of Common Pleas. (Doc. 2 at 6-7).

On the same date he filed the complaint, plaintiff filed a "Notice of Petition for Emergency Stay from an Inferior Courts Orders or Actions." (Doc. 3). Plaintiff alleges in the motion that "the Sheriffs" had threatened to evict plaintiff and his family on October 8, 2015, but there had been no notice of a hearing or an eviction order. (*Id.* at 2). Plaintiff makes vague allegations of fraud in the motion and requests this Court to stay the proceedings in Case No. CVE20110427 filed in the Clinton County Court of Common Pleas; specifically, plaintiff

requests that eviction proceedings against him be stayed until various unspecified legal matters are resolved. (*Id*. at 3-4).

On November 3, 2015, plaintiff filed a "Notice of Petition for Emergency Stay/TRO from an Inferior Courts Orders or Actions." (Doc. 8). Plaintiff's allegations in this motion are likewise nearly impossible to decipher, but plaintiff appears to allege that he has been threatened with an eviction to take place on November 5, 2015; however, no eviction hearing has taken place and no eviction order has been issued. (*Id*. at 3). Plaintiff requests the Court to stay any further proceedings in Case No. CVE20110427; specifically, plaintiff requests the Court to stay "any further attempt to collect on this matter" and to stay any attempts to evict "under threat and duress" until "the process has been exhausted or the trustees have settled all matters concerning 421 Creek Road" and the state court case. (*Id*. at 5). Plaintiff also requests that the stay/temporary restraining order be issued without notice to defendants.

**II. A temporary restraining order should not be issued.**

Plaintiff's motions for a temporary restraining order should be denied for failure to comply with both Fed. R. Civ. P. 65(b)(1) and S.D. Ohio Civ. R. 65.1(b). The Federal Rule states:

> (b) Temporary Restraining Order.
> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Thus, the Court may issue a temporary restraining order under Rule 65 without written or oral notice to the adverse party or its attorney only if the movant (1) clearly establishes through an affidavit or a verified complaint specific facts showing that immediate

2

and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) provides written certification of any efforts to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A), (B).

The Local Rules of this Court include similar notice provisions for issuance of a temporary restraining order:

> Motions [for temporary restraining orders] shall be accompanied by a certificate of the trial attorney or other proof satisfactory to the Court that: (1) the motion and all other filings in the action have been served upon the adverse party's attorney, if known, or if not known, then the adverse party; (2) reasonable efforts to accomplish the service of the motion and other filings have been made; or (3) the reasons, in affidavit form, why such service cannot or need not be made or be required.

S.D. Ohio Civ. R. 65.1(b).

Here, plaintiff has not certified or shown proof that the motions for a temporary restraining order have been served on defendants. The docket sheet provides no indication that defendants have received notice of the complaint as summons have not been issued to date. Plaintiff is responsible for service of process on the defendants in accordance with Fed. R. Civ. P. 4. Accordingly, a temporary restraining order cannot be issued unless the requirements of Rule 65(b)(1)(A), (B) and Local Rule 65.1(b)(2) or (3) are satisfied. Plaintiff has not submitted an affidavit setting forth specific facts to show that he will suffer "immediate and irreparable injury, loss or damage" before defendants can be heard in opposition to the motions for a temporary restraining order so as to satisfy the requirements of Fed. R. Civ. P. 65(b)(1)(A). Further, plaintiff has not satisfied the additional requirements of Rule 65(b)(1)(B) and Local Rule 65.1(b). Plaintiff has neither certified in writing his efforts to give notice to defendants nor the reasons why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B); S.D. Ohio Civ. R. 65.1(b)(2), (3). Plaintiff's motions for temporary injunctive relief should therefore be denied

for failure to comply with the requirements of the Federal and Local Rules for issuance of a temporary restraining order without notice to the opposing parties.

Plaintiff's motions also fail to satisfy the substantive requirements for issuance of a temporary restraining order. The District Court must consider and balance the following four factors when considering a request for temporary injunctive relief: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati,* 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.,* 110 F.3d 318, 322 (6th Cir. 1997) (citations omitted)). See also *U.S. v. Edward Rose & Sons,* 384 F.3d 258, 261 (6th Cir. 2004) (the foregoing factors are to be balanced in a weighing of the equities involved)).

The first factor is not satisfied. The allegations of the complaint are largely incomprehensible and thus do not satisfy basic pleading requirements. See *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) ("a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'") (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citation omitted)). Further, to the extent plaintiff's allegations are discernible, plaintiff apparently seeks to obtain reversal of a decision issued by the Clinton County Common Pleas Court and to enjoin state court eviction proceedings. Federal subject matter jurisdiction over such a claim is lacking under the *Rooker-Feldman* doctrine, which holds that lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v.*

4

*Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Thus, it appears dismissal of plaintiff's complaint under the *Rooker-Feldman* doctrine is warranted. *See Bell v. Rankin*, No. 2:11-CV-168, 2011 WL 761544, at *2-3 (S.D. Ohio Feb. 24, 2011) (dismissal of the complaint pursuant to *Rooker-Feldman* was appropriate where the source of the plaintiff's injuries was a state court possession order and the plaintiff sought to enjoin the defendants from physically entering onto his property). Accordingly, the first factor weighs against granting injunctive relief.

The second factor likewise weighs against a grant of injunctive relief. Plaintiff has not alleged facts to show that he will suffer irreparable harm without the requested injunction. Plaintiff alleges in his first motion for an emergency stay that "the Sheriffs" threatened to evict plaintiff and his family on October 8, 2015, without notice of a hearing or an eviction order. (Doc. 3 at 2). However, plaintiff apparently was not evicted at that time because he alleges in the second motion for a temporary restraining order that "the Sheriffs" have threatened him with eviction on November 5, 2015. (Doc. 8 at 3). Plaintiff has made only vague and conclusory allegations in this regard and has not alleged specific facts to show that he is likely to be evicted on that date, to indicate what role, if any, the named defendants have played in the eviction proceedings, or to explain any other relevant circumstances surrounding the anticipated eviction. Accordingly, there is insufficient information in the record to support a finding that plaintiff will suffer irreparable harm if a temporary restraining order is not issued.

Finally, it is not clear whether issuance of the temporary injunction would cause substantial harm to others, and it does not appear that the public interest would be served by issuance of the requested injunction.

For these reasons, plaintiff's motions for temporary injunctive relief should be denied. Plaintiff's largely incomprehensible complaint and filings fail to establish that he is entitled to the extraordinary remedy he requests. *See Ohio Republican Party v. Brunner*, No. 2:08-CV-00913, 2008 WL 4445193, at *3 (S.D. Ohio Sept. 29, 2008) (a temporary restraining order is an extraordinary remedy).

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motions for a temporary restraining order (Docs. 3, 8) be **DENIED**.

Date: 11/4/15

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

serif-lee: tugrul,
    Plaintiff,

vs.

KEITH D. WEINER, et al.,
    Defendants.

Case No. 1:15-cv-657

Bertelsman, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).