UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

serif-lee: tugrul,
    Plaintiff,

vs.

KEITH D. WEINER, et al.,
    Defendants.

Case No. 1:15-cv-657

Bertelsman, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This matter is before the Court on plaintiff serif-lee: tugrul's motion to seal the record (Doc. 1); plaintiff's motion for declaratory judgment (Doc. 4); and defendant John Stumpf's motion to dismiss the complaint (Doc. 12). Plaintiff has filed a "Notice There Is No Controversy" (Doc. 18), which the Court construes as plaintiff's response to the motion to dismiss.

**I. Background**

Plaintiff, proceeding pro se, filed the complaint in this action on October 6, 2015. (Doc. 2). Plaintiff names as defendants "Keith D. Weiner, Attorney and Principal Kim Hammond et. al."; "David Hooker, Attorney and Principal Thompson Hine LLP"; and John Stumpf, CEO Wells Fargo Bank. On the same date he filed the complaint, plaintiff filed a "Petition to Seal" the case (Doc. 1) and a "Notice of Petition for Emergency Stay from an Inferior Courts Orders or Actions." (Doc. 3). Plaintiff alleged in the emergency motion that "the Sheriffs" had threatened to evict plaintiff and his family on October 8, 2015, but there had been no hearing or an eviction order. (Doc. 3 at 2). Plaintiff requested that this Court stay the proceedings in Case No. CVE20110427 filed in the Clinton County, Ohio Court of Common Pleas until "the process has been exhausted" or "all matters concerning 421 Creek Road" and the state court case were

settled. (*Id.* at 3-4). On November 3, 2015, plaintiff filed a "Notice of Petition for Emergency Stay/TRO from an Inferior Courts Orders or Actions." (Doc. 8). Plaintiff appeared to allege that he had been threatened with an eviction to take place on November 5, 2015, despite the fact that no eviction hearing had taken place and no eviction order had been issued. (*Id.* at 3). Plaintiff requested the Court to stay "any further actions in case No. CVE20110427" in the Clinton County Court of Common Pleas and "any further attempt to collect on this matter" and to "threaten to evict under threat and duress" until "the process has been exhausted or the trustees have settled all matters concerning 421 Creek Road and case No. CVE20110427. (*Id.* at 5). The Court construed the Notices as motions for a temporary restraining order and determined that plaintiff was apparently challenging a judgment issued by the Clinton County Court of Common Pleas and to stay state court eviction proceedings. (Doc. 9). The Court denied plaintiff's motions on the grounds they failed to comply with both the procedural and substantive requirements of the federal rules. (Docs. 9, 16). The undersigned found that plaintiff had not demonstrated a strong likelihood of success on the merits for the following reasons:

> The allegations of the complaint are largely incomprehensible and thus do not satisfy basic pleading requirements. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) ("a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citation omitted)). Further, to the extent plaintiff's allegations are discernible, plaintiff apparently seeks to obtain reversal of a decision issued by the Clinton County Common Pleas Court and to enjoin state court eviction proceedings. Federal subject matter jurisdiction over such a claim is lacking under the *Rooker-Feldman* doctrine, which holds that lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Thus, it appears dismissal of plaintiff's complaint under the *Rooker-Feldman* doctrine is

2

> warranted. *See Bell v. Rankin*, No. 2:11-cv-168, 2011 WL 761544, at *2-3 (S.D. Ohio Feb. 24, 2011) (dismissal of the complaint pursuant to *Rooker-Feldman* was appropriate where the source of the plaintiff's injuries was a state court possession order and the plaintiff sought to enjoin the defendants from physically entering onto his property). . . .

(Doc. 9 at 4-5).

The undersigned further determined that the alleged facts did not show that plaintiff would suffer irreparable harm without the requested injunction, reasoning that:

> Plaintiff alleges in his first motion for an emergency stay that "the Sheriffs" threatened to evict plaintiff and his family on October 8, 2015, without notice of a hearing or an eviction order. (Doc. 3 at 2). However, plaintiff apparently was not evicted at that time because he alleges in the second motion for a temporary restraining order that "the Sheriffs" have threatened him with eviction on November 5, 2015. (Doc. 8 at 3). Plaintiff has made only vague and conclusory allegations in this regard and has not alleged specific facts to show that he is likely to be evicted on that date, to indicate what role, if any, the named defendants have played in the eviction proceedings, or to explain any other relevant circumstances surrounding the anticipated eviction. . . .

(Doc. 9 at 5). The District Judge adopted the Report and Recommendation by Order dated December 16, 2015. (Doc. 16).

Defendant John Stumpf subsequently filed a motion to dismiss the complaint against him. (Doc. 12). The motion to dismiss, as well as plaintiff's motion to seal the record (Doc. 1) and motion for declaratory judgment (Doc. 4), are ripe for decision.

## II. Motion to seal the record

Plaintiff moves to seal the record of these proceedings on the ground his due process rights and his equitable rights as the beneficiary of "two grantor/express trusts" are "not cognizable in courts of law." (Doc. 1 at 2). Plaintiff alleges that only a "Federal District Court with an Article III Chancellor" presiding over a suit that is "'sealed and private' to the exclusion of public 'enemies'" can grant the equitable relief he seeks. (*Id.* at 3).

While district courts have considerable discretion regarding the management of their records and files, that discretion is "circumscribed" by the "traditional and 'presumptive right of the public to inspect and copy judicial documents and files.'" *United States v. Contents of Nationwide Life Ins. Co. Account No. X0961 in name of Warshak*, No. C-1-05-196, 2006 WL 971978, at *3 (S.D. Ohio Apr. 12, 2006) (quoting *Knoxville News-Sentinel Co. v. Knoxville Journal Corp.*, 723 F.2d 470, 473-74 (6th Cir. 1983) (internal citations omitted)). District courts therefore have the "power to seal their records when interests of privacy outweigh the public's right to know." *Knoxville News-Sentinel Co.*, 723 F.2d at 474 (citations omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 476 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179-80 (6th Cir. 1983); *United States v. Myers*, 635 F.2d 945, 952 (2nd Cir. 1980)).

Plaintiff has not proffered a sound reason for sealing the record in this case. Plaintiff's allegations in his motion provide no indication as to why his privacy interests might outweigh the public's right to know and justify this drastic action. The Court will therefore deny plaintiff's motion to seal the record. (Doc. 1).

### III. Plaintiff's complaint should be dismissed.

#### A. Defendant Stumpf's motion to dismiss (Doc. 12)

Defendant Stumpf moves to dismiss plaintiff's complaint on three grounds. (Doc. 12). First, defendant moves to dismiss the complaint for failure to state a claim to relief pursuant to Fed. R. Civ. P. 12(b)(6) on the ground plaintiff's allegations are incomprehensible. Second, defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the ground this Court lacks subject matter jurisdiction over plaintiff's claims seeking to reverse a decision issued by the Clinton County Court of Common Pleas and to enjoin state court eviction proceedings.

Third, defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5) based on insufficient process and/or insufficient service of process.

### 1. Rule 12(b)(1)

Defendant Stumpf moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the ground federal subject matter jurisdiction over plaintiff's complaint is lacking. Defendant notes that the undersigned has construed the complaint as seeking to reverse a decision issued by the Clinton County Court of Common Pleas and to enjoin state court eviction proceedings. (*See* Doc. 9 at 4). Defendant relies on the Court's findings made in connection with plaintiff's request for temporary injunctive relief to support his position that the Court lacks subject matter jurisdiction over plaintiff's complaint under the *Rooker-Feldman* doctrine, which holds that lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416. (Doc. 12 at 9, citing Doc. 9 at 4-5).

In response, plaintiff argues that the *Rooker-Feldman* doctrine does not apply to this case. (Doc. 18). Plaintiff alleges that he brings this action as "Executor of a private trust, nominating the Court to act as Trustee[.]" (*Id.* at 2). Plaintiff alleges this action is "a settlement claim to settle all lien against the title and make everyone whole and has nothing to do with the State Court claim[.]" (*Id.* at 3). Plaintiff alleges that public policy forbids reasonable restrictions on the enjoyment of property. (*Id.* at 4). Plaintiff alleges that "[s]ince the Superior court did not grant a stay in the lower courts actions," he and his family "have been irreparably harmed, under duress and stress and threat of physical removal by armed men, acting without showing an order, causing the family to leave behind many valuable items. . . ." (*Id.* at 5). Plaintiff alleges that he designed, built and maintained the home that he and his family were "fraudulently forced" to leave. (*Id.* at 6). Plaintiff contends that the lower court decision has been placed on the docket

5

and that this case is not an appeal that seeks to overturn that decision; rather, this case "is solely based on the perfected affidavits which have to be settled by the trustee." (*Id*. at 7). Plaintiff states that he expects the Court's guidance in settling and assigning to the proper accounts all "claims, liens, conveyances, etc against the title," and he also expects to be allowed "the enjoyment of the property in peace and harmony with the United States. . . ."[1] (*Id*. at 8).

Plaintiff's claims against defendant Stumpf should be dismissed under the *Rooker-Feldman* doctrine. In evaluating whether plaintiff's claim had a strong likelihood of success on the merits, the Court previously found that plaintiff apparently seeks "to obtain reversal of a decision issued by the Clinton County Common Pleas Court and to enjoin state court eviction proceedings." (Doc. 9 at 4; Doc. 16). The Court found that federal subject matter jurisdiction over such a claim is lacking under the *Rooker-Feldman* doctrine. (Doc. 9 at 4-5, citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416; *Exxon Mobil Corp.,* 544 U.S. at 284 (the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Doc. 16). The Court concluded that dismissal of plaintiff's complaint under the *Rooker-Feldman* doctrine appeared to be warranted. (Doc. 9. at 5, citing *Bell*, 2011 WL 761544, at *2-3 (dismissal of the complaint pursuant to *Rooker-Feldman* was appropriate where the source of the plaintiff's injuries was a state court possession order and the plaintiff sought to enjoin the defendants from physically entering onto his property); Doc. 16).

---

[1] Plaintiff makes multiple references to the "Lieber Code" in his response to the motion to dismiss without indicating how it applies to his claims. It is clear that the "Lieber Code" - "General Orders No. 100: Instructions for the Government of Armies of the United States in the Field 15 (Apr. 24, 1863)" - has no applicability to this case. *See New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 136 (2d Cir.), *opinion amended on denial of reh'g*, 758 F.3d 436 (2d Cir. 2014) *supplemented*, 762 F.3d 233 (2d Cir. 2014).

6

Plaintiff's allegations in response to the motion to dismiss do not alter the prior conclusion that dismissal of plaintiff's complaint under the *Rooker-Felder* doctrine appears to be warranted. Although plaintiff attempts to characterize this lawsuit as an action to settle liens and claims against a "title," plaintiff's allegations show that he is complaining of injuries caused by a state court judgment. Plaintiff indicates that he and his family have "been irreparably harmed" by this Court's failure to stay the lower court's actions. (Doc. 18 at 5). Plaintiff alleges that they have suffered "the threat of physical removal by armed men" and they were "fraudulently forced" to leave their home. (*Id*. at 5, 6). Because this Court lacks subject matter jurisdiction over an action where the source of plaintiff's injuries is a state court order, plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 2. Rule 12(b)(6)

Assuming, *arguendo*, that plaintiff is not complaining of injuries caused by a state court judgment, the complaint should nonetheless be dismissed for failure to state a claim to relief under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The Court must accept as true plaintiff's factual allegations but need not accept as true the plaintiff's legal conclusions couched as factual allegations. *Downs v. Bel*

7

*Brands USA, Inc.*, 613 F. App'x 515, 518 (6th Cir. 2015) (citing *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003)).

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff's complaint fails to state a claim to relief against defendant Stumpf.[2] The allegations of the complaint make no mention of Stumpf. (Doc. 2). The complaint includes two references to Wells Fargo and generalized allegations against "wrongdoers." Plaintiff alleges that "[w]rongdoers" filed documents in the "Inferior court knowing they were not the Party in Interest"; a "judgment was based on documents that had serious deficiencies and are in fact hearsay testimony of debt collection attorney's interloping on a matter which is null and void"; and "[d]eficiencies have been policy and practice of Wells Fargo." (*Id.* at 5). Plaintiff also alleges that "the Comptroller of Currency has set a previous precedent with its findings and Consent Order" as demonstrated by "numerous cases involving [W]ells Fargo, MERS and many other banks and institutions." (*Id.* at 5-6). Plaintiff also generally alleges that "[w]rongdoers, refused to do their duties as Trustees" and "kept moving forward" despite being given notice of their wrongs. (*Id.* at 5, 7). These allegations, considered in conjunction with the other allegations of the complaint, are "largely incomprehensible and thus do not satisfy basic pleading requirements" so as to state a claim against defendant Stumpf. (Doc. 9 at 4; Doc. 16). Further, plaintiff's allegations do not allow the Court to reasonably infer that defendant Stump is liable

---

[2] The complaint names "John Stumpf, CEO Wells Fargo Bank" as a defendant. (Doc. 2).

8

for any "misconduct alleged." *Ashcroft,* 556 U.S. at 678. The complaint against defendant Stumpf should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief.[3]

### 3. *Sua sponte* dismissal of the complaint against the non-movants

Plaintiff has named two defendants in addition to Stumpf: "Keith D. Weiner, Attorney and Principal Kim Hammond, et. al." and "David Hooker, Attorney and Principal Thompson Hine LLP." (Doc. 2). Summons have not been issued for either defendant. *Sua sponte* dismissal of the complaint against these defendants is warranted.[4] A district court may *sua sponte* dismiss a complaint, even when the filing fee has been paid, at any time for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) where "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). *See also Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001) ("In *Apple,* the court . . . ruled that dismissal of a fee paid complaint will be upheld if the plaintiff's allegations are so attenuated as to divest the court of jurisdiction.") (citing *Apple,* 183 F.3d at 479); *Anderson v. Microsoft Corp.*, No. 1:14-cv-763, 2015 WL 1969403, at *3 (S.D. Ohio May 1, 2015) ("district court has authority to *sua sponte* dismiss a non-prisoner pro se complaint for lack of jurisdiction "at any time" in cases when the Court's review reveals the allegations of a complaint to be 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion.'"); *Saunders v. Obama*, No. 1:10-cv-836, 2012 WL 1030473, at *9 (S.D. Ohio Mar. 27, 2012)

---

[3] In light of the undersigned's findings that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), it is not necessary to consider whether plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and insufficient service of process.

[4] The Report and Recommendation issued on November 4, 2015, gave plaintiff notice that summons for these defendants had not been issued as of that date and that there was no indication in the record these defendants had received notice of the complaint. (Doc. 9 at 3).

(Report and Recommendation), *adopted,* No. 1:10-cv-836, 2012 WL 1606664 (S.D. Ohio May 7, 2012) ("In *Apple v. Glenn,* the Sixth Circuit affirmed the district court's authority to *sua sponte* dismiss a non-prisoner *pro se* complaint for lack of jurisdiction 'at any time' where the filing fee has been made, and without permitting the plaintiff an opportunity to amend, 'when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion.'") (citing *Apple,* 183 F.3d at 479)).

Here, plaintiff's complaint does not contain any coherent allegations of substance against those defendants who have not yet been served. The complaint does not mention Weiner by name. Plaintiff generally alleges that defendants ("wrongdoers") are trustees who refused to perform their duties; filed documents in the "Inferior court" knowing that they were not the party in interest; continued to move forward after being given notice of their wrongs; and "in the case of David Hooker/Thompson Hine LLP et. al., entered pleas into the record without being an attorney of record, out of the blue approximately 4-5 months after the judgment and without consent." (Doc. 2 at 2, 5, 7). It is impossible to discern from these allegations the factual bases for plaintiff's claims against Weiner and Hooker and the nature of his claims. Because the allegations of the "complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," plaintiff's complaint against defendants Weiner and Hooker should be *sua sponte* dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *Apple,* 183 F.3d at 479.

**IV. Plaintiff's motion for declaratory judgment (Doc. 4).**

On the same date he filed the complaint, plaintiff filed a "Notice of Petition for Declaratory Judgment as to the Legality of Specific Points of Law." (Doc. 4). Plaintiff seeks "clarification on specific points of law so that reasonable inferences that may be drawn there

from." (*Id.* at 1). In the motion, plaintiff presents a number of general questions on which he asks to court to "declare or expand," such as: "1. Do Notarized Affidavits stand as Truth in Commerce and the Courts?"; "7. Is it legal to collateralize and cross collateralize Mortgage Contracts?"; "15. Is a perfected UCC 1 Financing Statement, which has not been settled or recouped, a Superior claim to an inferior Court's judgment or Order?" (*Id.* at 3-4).

Because the Court lacks subject matter jurisdiction over plaintiff's complaint, the motion for declaratory relief should be denied as moot. Assuming, *arguendo*, that the Court did have subject matter jurisdiction over the complaint, the Court should exercise its discretion to deny plaintiff's motion. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The district court has discretion whether to exercise jurisdiction over a declaratory judgment action. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014). In exercising its discretion, the Court is guided by the following factors: "(1) Whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for res judicata;' (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction. . . .; and (5) whether there is an alternative remedy which is better or more effective." *Id.* at 759 (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

These considerations do not favor exercising jurisdiction over a declaratory action here. In his motion, plaintiff seeks nothing more than an advisory opinion from the Court on a number of vague and general legal questions. Plaintiff has not shown that the matters on which he seeks the Court's legal guidance pertain to an actual controversy involving the named defendants. Nor has plaintiff explained how obtaining answers to those questions would help clarify the parties' legal relations. *Id.* Plaintiff has neither alleged how defendants violated his rights nor described the relief he seeks from these individuals. Plaintiff's motion for declaratory judgment should therefore be denied. *Id.*

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to seal the record (Doc. 1) is **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss the complaint filed by defendant John Stumpf, CEO Wells Fargo (Doc. 12) be **GRANTED**.

2. The complaint against defendants Keith D. Weiner, Attorney and Principal Kim Hammond, et al., and David Hooker, Attorney and Principal Thompson Hine LLP be *sua sponte* **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).

3. Plaintiff's motion for declaratory judgment (Doc. 4) be **DENIED**.

Date: 2/29/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

serif-lee: tugrul,
    Plaintiff,

vs.

KEITH D. WEINER, et al.,
    Defendants.

Case No. 1:15-cv-657

Bertelsman, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).